IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNIE GARRETT, # N-20411,**

      Petitioner,

      vs.                                        Case No. 13-cv-1082-DRH

**WARDEN, PINCKNEYVILLE**
**CORRECTIONAL CENTER,**
**and ATTORNEY GENERAL of the**
**STATE of ILLINOIS,**

      Respondents.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

      Petitioner, currently incarcerated in the Pinckneyville Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. The petition was filed on October 18, 2013. Soon after filing this case, petitioner filed two more actions in this Court: a civil rights action pursuant to 28 U.S.C. § 1983 (*McClain & Garrett v. Attorney General, et al.*, Case No. 13-cv-1087-MJR); and a habeas petition invoking 28 U.S.C. § 2241 (*McClain & Garrett v. Attorney General, et al.*, Case No. 13-cv-1103-DRH). Both cases are undergoing preliminary merits review by the Court.

      The instant habeas petition states that petitioner was convicted in the Circuit Court of Cook County of failure to report and aggravated arson, and was sentenced in November 2007 to 25 years in prison (Doc. 1, p. 3). The majority of the petition, however, consists of rambling statements that present no discernible

grounds for federal habeas relief. He writes that he has been filing grievances and complaints for many years, in "every court [he] could think of," but could not get relief (Doc. 1, p. 11). On the reverse pages of his petition, he lists 108 separate lawsuits he claims to have filed between 1988 and 2014, starting with "Age Discrimination in Employment" (Doc. 1, p. 4), including "Act of God," and concluding with "Gifts Fund on Deposit to Bank Account Cases" (Doc. 1, p. 12). He mentions complaints apparently relating to prison conditions (Doc. 1, pp. 15, 17). He states that if the president does not answer this lawsuit, he will move for a default judgment against him (Doc. 1, p. 17). He also claims, "I am doing 100% of my time, when the Judge gave me 85% of time, they want me to do 3 years more" (Doc. 1, p. 27).

The electronic court records for the Northern District of Illinois disclose that petitioner filed an earlier § 2254 habeas petition, *Garrett v. Gaetz*, Case No. 11-cv-7301 (N.D. Ill., filed Oct. 14, 2011), which is still under consideration in that court. The court initially concluded that the petition was time-barred, and dismissed it on motion of the respondent. However, the court then granted in part petitioner's motion to reconsider, and appointed him counsel (Docs. 21, 22 in N.D. Ill. Case No. 11-cv-7301). On April 16, 2013, the court appointed an expert to conduct a psychiatric evaluation of petitioner, to assist the court in determining whether petitioner had a mental illness that would entitle him to equitable tolling of the one-year limitations period for filing a petition for habeas relief (Docs 22, 27). *See* 28 U.S.C. § 2244(d)(1).

I.   **DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Based on the record in petitioner's earlier case in the Northern District (Case No. 11-cv-7301), the one-year deadline to file a habeas petition expired long before petitioner filed this case.  In that petition, petitioner raised a somewhat more coherent challenge to his state conviction, which the Northern District seems poised to consider if it should conclude his filing deadline was tolled. Because the issue of petitioner's competence and his entitlement to equitable tolling of the one-year deadline will be determined by that court, there is no need to duplicate that effort here.

Moreover, to the extent the instant petition is an attempt to challenge petitioner's conviction, it is an unauthorized second or successive petition.  Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Because petitioner did not obtain

permission from the Seventh Circuit Court of Appeals to maintain the instant § 2254 application in this Court, the Court lacks authority to grant petitioner any relief as to the constitutionality of his conviction.

The one discernible issue raised in the instant petition which might be cognizable in this Court relates to the execution of petitioner's sentence—his claim that he is being required to serve 100% of his 25-year sentence instead of 85%. He filed an exhibit relating to this claim in the Northern District case (Doc. 28), consisting of a prison grievance and response. That document reflects that petitioner's sentence has been calculated to require him to serve 85%. Information on the website of the Illinois Department of Corrections also supports this conclusion. Therefore, petitioner does not present any grounds for relief on this matter.

For the above reasons, the instant petition shall be dismissed with prejudice.

## II.    FILING FEE

Petitioner did not pay the $5.00 filing fee for this case when he submitted the petition, nor did he file a motion for leave to proceed in forma pauperis ("IFP"). The Clerk of Court directed petitioner to either pay the fee or submit his IFP motion within 30 days (by November 18, 2013). A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998).

Therefore, petitioner is **ORDERED** to either pay the $5.00 fee or submit a motion for leave to proceed IFP (which was previously mailed to him) no later than **November 18, 2013.** Failure to comply with this order may result in an order restricting petitioner from filing future actions in this Court. *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) (unpaid docket fees may lead to a ban on prisoner's ability to file new cases).

### III. DISPOSITION

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED with prejudice.**

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $455.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed

pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

### IV. Certificate of Appealability

Should Petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but Petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Petitioner has not stated any grounds for relief pursuant to 28 U.S.C. § 2254. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

**IT IS SO ORDERED.**

Signed this 12th day of November, 2013

Digitally signed by David R. Herndon
Date: 2013.11.12 14:06:38 -06'00'

**Chief Judge
United States District Court**